UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA

RASHAD HUBBARD )
    Plaintiff, )
)
v. ) Case No.
) 2:24-cv-00597-RAH-CWB
F.H CANN & ASSOCIATES, INC., )
    Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Rashad Hubbard, an individual consumer, against Defendant, F.H Cann & Associates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3. Venue in this District is proper in that the Defendant transacts business in Montgomery, Montgomery County, Alabama, and the conduct complained of occurred in Montgomery County, Alabama.

### III. PARTIES

4. Plaintiff is a natural person residing in Montgomery, Montgomery County, Alabama.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant is a New Hampshire corporation with its principal place of business located at 100 Domain Dr. Ste., 200 Exeter, NH 03833.

7. Upon information and belief, Defendant maintain a registered agent for service of process in the state of Alabama at CT Corporation System 641 South Lawrence Street Montgomery, AL 36104.

8. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## IV. FACTS OF THE COMPLAINT

11. On about July 17, 2024 Plaintiff started receiving phone calls from Defendant owed to Navy Federal Credit Union Plaintiff did not answer, on August 1, 2024 Plaintiff received another call but did not answer, on August 8, 2024 Plaintiff received another call but did not answer, on August 20, 2024 Plaintiff received another call but did not answer, on August 27, 2024 Plaintiff received another call but did not answer, on August 28, 2024 Plaintiff received another call but did not answer, on August 29, 2024 Plaintiff received another call but did not answer, on September 10, 2024 Plaintiff received another call but did not answer, on

September 13, 2024 Plaintiff received another call but did not answer, on September 19, 2024 Plaintiff received another call but did not answer.

12. On or about September 6, 2024, mailed a certified letter via USPS (9589 0710 5270 0281 1922 62) stating *"I can't believe the government of the United States of America allows for this type of conduct to go on I choose not to pay this debt."* pursuant to 15 U.S.C. § 1692c(c).

13. On September 12, 2024 at 11:29am Defendant received Plaintiff refusal communication.

14. Defendant continued illegal collection efforts by calling Plaintiff on September 13th and the 19th. On or about September 20th Plaintiff called Defendant to see why they continued to call, please see the attached transcript of the call on September 20, 2024 which made it clear on why they was calling which was in violation of 15 USC 1692c(c).

15. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of intrusion upon seclusion, anger, anxiety, decreased ability to focus on tasks, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. §1692c(c)

16. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

17. Defendant's debt collection efforts violated the FDCPA, particularly §1692c(c) by

3

failing to cease collection after receiving written notice.

18. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

19. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Dated: September 24, 2024

Respectfully submitted,

*Rashad H*

Rashad Hubbard
207 Azalea Park Ln
Montgomery, AL 36106
(334) 400-9614

4

shawnsmith2323@gmail.com